9291

STATE v. PRICE.

(88 S. E. 295.)

TRIAL.    EXCLUSION OF EVIDENCE.    CHARGE.

1. TRIAL—APPEAL AND ERROR — EVIDENCE. — It is reversible error to exclude evidence which in any view of the case might have been competent, without ascertaining its nature or bearing upon the case.
2. TRIAL—CHARGE.—A charge upon the facts is inhibited by the Constitution, and may be violated in telling a jury what another jury in another county has done in another case.

Before MEMMINGER, J., Marion, June, 1915.    Reversed.

B. Frank Price, being convicted of murder, with a recommendation to mercy, appeals. The facts are stated in the opinion.

*Messrs. A. F. Woods, L. D. Lide* and *H. S. McCandlish,* for appellant, submit: *As to examination of witness:* 72 S. C. 194. *Competency of evidence:* 71 S. C. 136; Jones Ev., sec. 300; Greenleaf Ev., sec. 101; 10 L. R. A. (N. S.) 335, 339; 85 S. W. 191; 29 S. W. 871; 34 N. E. 731. *Charge on facts:* 47 S. C. 513; 85 S. C. 265; 31·S. C. 235; 53 S. C. 150; 15 S. C. 39; 28 S. C. 225; 100 S. C. 248; 102 S. C. 255. *Provocation:* 50 S. C. 423; 34 S. C. 129; 6. S. W. 544.

*Messrs. Solicitor Gasque, Mullins & Hughes* and *O. Hoyt McMillan,* for the respondent, cite: *As to res gestæ:* 13 S. C. 459; 68 S. C. 304; 68 S. C. 276; 56 S. C. 369; 68 S. C. 304. *Charge:* 47 S. C. 523; 86 S. C. 17.

March 1, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted for murder, and was tried before his Honor, Judge Memminger, and a jury, at the June term of Court, 1915, for Marion county, and was found guilty of murder with recommendation to mercy. After verdict was rendered a motion for a new trial and arrest of judgment was made and overruled by the Court and sentence pronounced. Defendant appeals and asks reversal.

The first exception imputes error to the presiding Judge in the exclusion of certain testimony and is as follows: 1. Because his Honor erred, it is respectfully submitted, in refusing to permit the defendant to testify as to communications made to him by his wife immediately before or shortly before the fatal encounter, and in holding that it was incompetent for the defendant to tell what his wife told

him before the killing, in that such testimony was competent as tending to show the attitude of the deceased toward the defendant, and the state of mind of the defendant shortly before the fatal encounter, and the absence of malice, and was so closely connected with the fatal encounter in time and circumstances as to be fairly regarded as a part of the *res gestæ,* and because his Honor also erred, it is respectfully submitted, in overruling defendant's motion for a new trial, on the same ground. This exception must be sustained.

His Honor held that it was incompetent for witness to testify to what his wife told him immediately before or shortly before the fatal encounter. His Honor did not even ascertain what the witness expected to prove— this he could have done by having the jury to retire, or by calling up the defendant's counsel and solicitor to his desk, if he thought the jury should not hear it, and allowed the question asked and objection made, and announced his ruling. As it is, this Court is in the dark as to the nature of the evidence. If it was in the nature of a threat or anything that went to show mental attitude of the deceased to the defendant it would have been competent. Where a witness is not allowed to testify and the Court has no information as to what his testimony would have been, it is a reversible error if the excluded testimony would have been competent in any view of the case. Here the evidence excluded might have been incompetent, and if this Court knew that it was incompetent it would so rule; but we do not know what it was, and if in any view of the case it was competent, then the exclusion of it is reversible error. It might have been that the deceased had made threats against the defendant; if that was the case, then it would have been clearly competent. Without knowing what the witness would have testified to, the Court must assume it was competent in some aspects of the case; the refusal to allow it to come out and by this to ascertain whether it was com-

petent or incompetent was error.    This exception is sus-
tained.

It is unnecessary to consider all of the other exceptions
in the case.    Some of them, however, impute error to the
presiding Judge in that portion of charge made to the jury
after they had been in their room all night and were
unable to agree on their verdict.    A mere reading
of this portion of his Honor's charge is sufficient to
show that he invaded the province of the jury and violated
the constitutional inhibition in charging upon the facts, and
we desire to say in this connection that in the trial of a case
of this sort it is unsafe, if not a dangerous thing, to tell a
jury what another jury in another county in another case
has done.    No two cases are exactly alike, and the safer
and saner practice is for the presiding Judge to declare the
law, and let the jury find the facts in each particular case
applying it to the law as laid down by the Court.

Judgment reversed.    New trial granted,